POSTED ON WEB SITE

FILED
JUN 29 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

WILLIAM P. IRWIN

        Debtor.

_____/

Case No. 04-19318-A-7
DC No. SPD-3
DC No. SPD-4

FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING
MOTION TO AVOID JUDICIAL LIENS
AND MOTION TO SUBSTITUTE
PARTIES

      A hearing was held May 25, 2005, on the Motion to Avoid Judicial Liens of Richard Gunner, Thomas Ohanian, and Jim O'Neal, filed by Debtor William P. Irwin (deceased), and the Motion to Substitute Parties, filed by Tracy Barry (liquidating trustee for the Debtor). Following the hearing, the court took both matters under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

Background

      William Irwin filed a voluntary chapter 7 petition on November 3, 2004, and he died on November 7, 2004. At the time of his death, Mr. Irwin purported to have an interest in real property at 1441 Morris Ave, Fresno, California, his residence (the "Residence"). He claimed a $150,000 homestead exemption under Cal. Civ. Proc. § 704.730(a)(3). The undisputed fair market value of the Residence is $425,000. The Debtor's attorney, on behalf of the deceased Debtor, moved to avoid judgment liens on March 16, 2005. That motion was denied without prejudice on April 13, 2005 due to defective service. The Debtor's attorney refiled the motion on April 27, 2005. On the same day, Tracy Barry, who is represented by the same attorney as is the

1

54

now deceased Debtor, moved this court to substitute herself in place of the deceased Debtor.

As of the petition date, there was a first deed of trust against the Residence in the amount of $188,647 and secured tax liens in the amount of $17,482.92. There were also three judicial liens against the Residence as of the petition date.

A judicial lien in the amount of $55,760.24 in favor of Richard Gunner was recorded on September 7, 1999. As of the petition date, the amount of that lien, including post-judgment interest, was $85,758.56.

On June 19, 2001, a judgment lien in favor of Thomas N. Ohanian in the amount of $209,482 was recorded.

On July 6, 2004, a judgment lien in favor of Jim O'Neal in the amount of $100,991 was recorded.

The total of the undisputed nonavoidable liens against the Residence (the deed of trust and the tax liens) is $206,129.92. An exemption of $150,000 has been claimed. Thus, there is $68,870.08 of nonavoidable, nonexempt equity in the Residence. The motion to avoid liens thus requests that the judicial lien first recorded, the one in favor of Richard Gunner, be reduced to that amount, $68,870.08, and that the balance of that lien, as well as the entirety of the Ohanian lien and the O'Neal lien, be avoided.

One of the judgment lien creditors, Thomas Ohanian, has opposed both the motion to avoid liens and the motion to substitute parties. Ohanian has opposed the motion to avoid liens on the grounds that the Debtor is deceased and has no capacity in which to bring the motion; that any right to avoid a lien under Bankruptcy Code § 522(f) is personal to the Debtor and can no longer be exercised now that the Debtor is deceased; that the moving party has not met the burden of proof that the Residence is property of the bankruptcy estate; that Bankruptcy Code § 522(f) should be literally construed; and that if the motion were granted, it must be clear that there is a probate estate that will receive any funds determined to be exempt after the avoidance of the liens and that said funds would be distributed subject to applicable state law.

On the other hand, the moving parties believe that (1) the Residence is property of the bankruptcy estate; (2) exemptions and any lien avoidance rights should be determined as of the

date the petition is filed; and (3) that the successor trustee of the revocable trust has standing.

Discussion

In 1994 the Debtor and his wife transferred the Residence into the William P. Irwin and Jo Ann Irwin Revocable Living Trust and appointed their daughter, Tracy Barry, as the liquidating trustee upon their death. (Mrs. Irwin predeceased Mr. Irwin.) The revocable living trust instrument identifies the Debtor and his wife as "co-trustees" and states that all powers of the co-trustees inure to the surviving trustee or liquidating trustee.

A "revocable living trust" is a trust that a settlor creates during his or her lifetime and that the settlor may modify or revoke at any time until his or her death. The chief reason for replacing wills with revocable living trusts, as well as other will substitutes, is to avoid probate. Revocable living trusts pass property in accordance with their terms and are not subject to probate estate administration. The trustee designated in the trust usually manages the assets without court supervision. Revocable living trusts avoid the delay, publicity, and expense that accompany a court proceeding.[1]

Property can be transferred into a revocable trust merely by attaching a schedule and listing the assets that are to be held in trust without executing separate instruments of transfer. Restatement 3d of Trusts, § 10(c) (from Comment on Clause (c): "If the owner of property declares himself or herself trustee of the property for the benefit of one or more others ... a trust is created, even though there is no transfer of the title to the trust property to another and even though no consideration is received for the declaration);" *see also* Uniform Acts, Restatements, and Trends in American Trust Law at Century's End, 88 Calif. L. Rev. 1877, 1889 (2000). Accordingly, the trust document is sufficient evidence that the Residence has been in the revocable trust since 1994.

The next question is whether the trust property is part of the bankruptcy estate. The Debtor held a "contingent reversionary interest" in all property of the revocable living trust

---

[1] *Why Limit a Good Thing? A Proposal to Apply the California Antilapse Statute to Revocable Living Trusts*, 43 Hastings L.J. 1391, 1393 (1992).

because he retained the power to revoke the trust prior to his death. "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or **contingent** [emphasis added]." Segal v. Rochelle, 382 U.S. 375, 379 (U.S., 1966). Generally, contingent interests are property of the bankruptcy estate. In re Neuton, 922 F.2d 1379, 1382 (9th Cir., 1990) (conceding that while generally contingent interests are property of the estate, a spendthrift trust can effectively put contingent interests outside the reach of creditors of a bankruptcy estate); In re Moffat, 107 B.R. 255, 259 (Bankr. C. D. Cal., 1989) (a debtor may claim a homestead exemption in real property in a trust, so long as it was his principal dwelling). The trust at issue here was a garden-variety living trust, without any spendthrift provisions. The Debtor had this contingent property interest at the time of the petition date. Accordingly, the contingent property interest in the Residence is property of the estate under Bankruptcy Code § 541. Once the property is in the bankruptcy estate, the Debtor's death does not remove it from the bankruptcy estate.

       The Debtor claimed $150,000 in equity of the Residence as exempt. First, Ohanian urges this court to hold that the exemption and accompanying right to avoid liens is personal to the Debtor. He argues that since the Debtor is deceased, the right to avoid liens can no longer be exercised by anyone. The language of § 522(f) only grants the "debtor" the power to avoid the fixing of a judicial lien in property to the extent that such lien impairs an exemption. However, Fed. R. Civ. P. Rule 25(a), made applicable to bankruptcy proceedings under Fed. R. Bankr. P. 7025, allows substitution of proper parties in the event of the death of a party. Accordingly, a successor in interest of the Debtor may substitute for the Debtor in a contested matter such as this one, if ordered by the court.

       Second, Ohanian asserts that it is against public policy to allow the estate of a deceased debtor the benefit of a homestead exemption. The Bankruptcy Appellate Panel for the 9th Circuit has clearly stated that the "right to exemptions is determined by the facts as they existed on the bankruptcy petition filing date." In re Combs, 101 B.R. 609, 614 (Bankr. 9th Cir. 1989) ("The date the petition is filed is when the debtor's rights in exempt property are defined, despite a later change of circumstances.")

The petition date is crucial because this is the point of time "... as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed." White v. Stump, 266 U.S. 310, 313 (1924).

Bankruptcy Code § 522(b)(2)(A) provides that the law in existence on the petition date controls the debtor's exemption rights. "It would appear illogical and asymmetrical . . . to apply the law in effect on the petition date to facts occurring on some later date. Finally, . . . to permit subsequent facts to alter a debtor's exemption rights, would create uncertainty and promote delay, thereby interfering with a debtor's right to a fresh start." In re Combs, 166 B.R. 417, 419 (Bankr. N.D. Cal., 1994); *see also* In re Peterson, 897 F.2d 935, 938 (8th Cir., 1990).

A further reason for setting the date of determination of exemption rights on the petition date is that it would be difficult to select an appropriate alternative cutoff date. In Peterson, the debtor died eight months after the petition was filed. In Combs, the debtor died two weeks after the petition was filed. In this case, the Debtor died four days after the petition was filed.

Also, "if the deadline is the closing of the case, does this not create an inequitable inconsistency in that, in different jurisdictions, cases are closed at different rates? Moreover, since a case may be readily reopened, does such a deadline make any sense?" In re Combs, 166 B.R. at 420.

Accordingly, exemptions properly claimed by the Debtor at the time of filing of the petition and the ability to avoid liens that impair such exemption remain, despite the Debtor's subsequent death.

Tracy Barry, the liquidating trustee under the terms of the living trust, has moved this court to substitute her for the Debtor. Such a substitution is allowed under Fed. R. Civ. P. Rule 25 for "successors or representatives of the deceased party." Ohanian opposes the motion to substitute on the basis that "Barry is not and cannot be a proper party to that contested matter, since she is not a statutory successor in interest to William P. Irwin, and there is no proof that she

is otherwise the successor in interest to his relevant interests."[2] The core of Ohanian's argument appears to be Ohanian's belief that "a liquidating trustee is not technically a 'successor' to the settlor of the trust (i.e. the Debtor) but exactly what the term implies - a trustee."[3]

The terms "trustee" and "successor" are not mutually exclusive. A "trustee" holds the title of property but not the equitable interest.[4] A "successor" is one who is the assignee of the rights of the principal party, in this case the Debtor.[5] The only real question is whether Tracy Barry is the proper "successor" with respect to the exempt real property. She is only requesting substitution on the Motion to Avoid Liens on subject real property for which she is the trustee. The logical conclusion is that Tracy Barry "follows" the Debtor with respect to the Residence and is properly the successor.

Another relevant issue is whether Tracy Barry satisfied the procedural requirements following the death of the Debtor. Fed. R. Bankr. P. Rule 1016 provides that death of the debtor does not abate a chapter 7 case and the remainder of the case should be administered, so far as possible, as though the death had not occurred. A strict reading of Rule 1016 would lead to a conclusion that "when a chapter 7 debtor dies, no procedural measures are necessary in the bankruptcy case itself." Hawkins v. Eads, 135 B.R. 380 (Bankr. E. D. Cal., 1991). However, in the event of a death of a party in an adversary proceeding or contested matter, substitution is only permitted, under Fed. R. Civ. P. Rule 25 (made applicable by Fed. R. Bankr. P. Rule 7025 and 9014), upon a motion for substitution. "The motion may be made by any party or by the successors or representatives of the deceased party and must be served, together with notice of hearing, on parties in the manner required by Federal Rule of Civil Procedure 5 and on persons who are not parties in the manner provided in Federal Rule of Civil Procedure 4 for service of a

---

[2] Ohanian's Opposition to Motion to Substitute, at 2.

[3] Id., at 12.

[4] Trustee - One who, having legal title to property, holds it in trust for the benefit of another and owes a fiduciary duty to that beneficiary. Black's Law Dictionary (8th ed. 2004).

[5] Successor - A person who succeeds to the office, rights, responsibilities, or place of another; one who replaces or follows a predecessor. Black's Law Dictionary (8th ed. 2004).

6

summons." <u>Hawkins v. Eads</u>, 135 B.R. at 384. The motion must be made within 90 days after the service of a statement of death. Fed. R. Civ. P. Rule 25(a)(1). Here, no party ever filed a formal statement of death of Debtor. The present motion to request substitution of parties can be deemed a statement of death, and accordingly, the present motion is timely within the 90-day period.

Finally, substitution under Fed. R.Civ. P. Rule 25 requires that the claim at issue survive the death of the party. <u>Hawkins v. Eads</u>, 135 B.R. at 384. Here, the claim of exemption is a state law homestead exemption. As mentioned earlier, the federal common law preserves the homestead exemption so long as it was valid as of the petition date. <u>In re Combs</u>, 101 B.R. at 614.

## Conclusion

For the foregoing reasons, the motion to avoid liens and the motion to substitute parties will be granted. Moving party may submit appropriate forms of orders.

DATED: June 29, 2005

WHITNEY RIMEL, Judge
United States Bankruptcy Court

Case 04-19318    Filed 06/29/05    Doc 54

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF FRESNO     )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On June 29, 2005, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Bruce D. Leichty, Esq.
625-A 3rd St.
Clovis, California 93612-1145

Stephen P. Drobny, Esq.
McCormick, Barstow, Sheppard,
    Wayte & Carruth
P. O. Box 28912
Fresno, California 93729-8912

James E. Salven, Chapter 7 Trustee
P. O. Box 3346
Pinedale, California 93650

Office of the United States Trustee
1110 U. S. Courthouse
1130 O Street
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct.

Executed on June 29, 2005, at Fresno, California.

_____
Kathy Torres, PLS