FILED
JAN 12 2006
KJ
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WILLIAM P. IRWIN<br><br>           Debtor. | Case No. 04-19318-A-7F<br>DC No. SPD-5<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW RE<br>MOTION TO COMPEL TRUSTEE<br>TO ABANDON PROPERTY OF ESTATE |

A hearing was held October 5, 2005, on a motion to compel the trustee to abandon property of the estate. The moving party is Tracy Barry, liquidating trustee of the William P. Irwin and Jo Ann Irwin Revocable Living Trust ("Barry"). Opposition to the motion was filed by Thomas N. Ohanian, individually and as trustee for the Ralph Ohanian Revocable Living Trust (collectively "Ohanian").

Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

<u>Background Facts.</u>

William Irwin filed a chapter 7 case on November 3, 2004. He died on November 7, 2004. When William Irwin filed his bankruptcy case, he owned property located at 1441 Morris Avenue,

1

105

Fresno, California (the "Residence"). At the date the chapter 7 case was filed, the Residence had a fair market value of $425,000. The debtor claimed an exemption in the Residence of $150,000 pursuant to California Code of Civil Procedure § 704.730(a)(3). As of the date the bankruptcy case was filed, the debtor owed $188,647 on a note secured by a deed of trust against the Residence held by Bank of America and a total of $17,482.92 secured by a tax lien against the Residence. As of the petition date, the Residence was further encumbered by judicial liens totaling in excess of $300,000. A total of about $656,129 in the consensual liens, the judgment liens, and the debtor's exemption meant that there was no equity in the Residence for the bankruptcy estate.

The chapter 7 trustee filed a report of no distribution on February 18, 2005, and the deadline to object to that report passed with no filings of objections by any party.

On July 11, 2005, the court entered an order granting Tracy Barry's motion to avoid judicial liens, avoiding the judicial liens of creditors Ohanian and Jim O'Neal against the Residence in their entirety and the judicial lien held by Richard Gunner and George Andros against the Residence partially to the extent that the principal and accrued prejudgment interest exceeded the sum of $68,870.08. As a result of that lien avoidance order, the sum of the encumbrances against the Residence and the debtor's homestead exemption equals $425,000, or the fair market value of the Residence. Therefore, there is no nonexempt equity for unsecured creditors.

The Residence is in more than normal disrepair due to

deferred maintenance.

Ohanian appealed from the order to avoid judgment liens. Ohanian also appealed from the court's order allowing Tracy Barry to substitute as real party in interest for the deceased debtor. Ohanian sought a stay in the bankruptcy court of the lien avoidance order pending the outcome of the appeal. Fed. R. Bankr. P. 8005. The court ordered a stay of limited duration. The court ordered a stay to be in effect until thirty days after any motion to abandon may be entered.

Legal Issues.

The propriety of abandonment.

Bankruptcy Code § 554(b) states that a party in interest may move the bankruptcy court to compel a trustee to abandon any property of the estate that is "burdensome to the estate or that is of inconsequential value to the estate." Here, the chapter 7 trustee has not opposed the motion to abandon. At oral argument, the chapter 7 trustee stated that there is no equity for unsecured creditors. This is true whether Ohanian is successful in his appeal or not.

Does Ohanian's appeal divest this court of jurisdiction over the motion to abandon?

A timely filing of a notice of appeal divests the trial court over those aspects of the case involved in the appeal. In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000). So, if the motion to abandon directly implicates the issues on appeal, then this court may have no jurisdiction to rule on the motion.

In Padilla, the United States Trustee moved to dismiss the debtor's petition for bad faith under Bankruptcy Code § 707(a).

3

The bankruptcy court granted the motion and dismissed the case. Padilla timely appealed to the Bankruptcy Appellate Panel. The Bankruptcy Appellate Panel reversed the order dismissing the petition and remanded the case for reinstatement. The trustee filed a notice of appeal to the Ninth Circuit. However, the trustee did not move to stay the BAP's judgment. The bankruptcy court then, having reinstated Padilla's bankruptcy case, proceeded with the bankruptcy, discharged Padilla's debts, and closed the case. The trustee did not object to the discharge.

The Ninth Circuit held that the timely filing of the appeal by the United States Trustee divested the bankruptcy court of jurisdiction to proceed with those aspects of the case involved in the appeal. This rule divesting lower courts of jurisdiction over those aspects of a case involved in an appeal is a judge-made doctrine. It is designed to avoid confusion and waste of time that might flow from putting the same issues before two courts at the same time. Id. (citations and internal quotations omitted). In Padilla, "the bankruptcy court's discharge of Padilla's debts and closure of the case drastically changed the status quo and amounted to a final adjudication of the substantial rights directly involved in the appeal." Id. Thus, the bankruptcy court lacked jurisdiction to proceed with the bankruptcy case during the appeal.

Here, Ohanian asserts that three issues on appeal may be implicated if the court grants the motion to abandon. Ohanian has raised as issues on appeal whether Barry has standing; whether the estate has an interest in the property; and whether Ohanian has no interest in the property because his lien has been

4

avoided.

However, Barry asserts that even if Ohanian were to win those issues on appeal, the property would still be burdensome and of inconsequential value to the estate.

## Has Barry presented admissible evidence and has she met her burden of proof?

Property of the estate may be abandoned if it is burdensome of or inconsequential value to the estate. Under Bankruptcy Code § 704, the trustee should not take possession of assets that have no value to the estate or only have nominal value. Collier on Bankruptcy ¶ 704.02 (15th ed. Rev. 2004) at p. 704-6.

> "Indeed, the legislative history of the Code made clear Congress' displeasure with prior practices under which trustees' administration of 'nominal asset cases' benefitted only the trustees themselves."

Id.

Ohanian asserts that the estate includes the interests of the secured creditors of the case. Ohanian refers to himself as a "stakeholder" in the estate. However, Ohanian is either a secured creditor (if he wins on appeal) or an unsecured creditor (if Barry wins the appeal).

Ohanian is correct that a trustee is a fiduciary to secured creditors in that the trustee has a duty to exercise reasonable care of properties of the estate that serve as collateral for secured claims. In re Pearson, 178 B.R. 753 (Bankr. C.D. Ill. 1995). The bankruptcy court in Pearson went on to say:

> "The chapter 7 trustee has two major roles. The first is to expeditiously liquidate the debtor's non-exempt assets, in a way that maximizes the return to the debtor's unsecured creditors. The second major role is an investigatory one. Beyond these few exceptions, the trustee takes the estate as

5

```
1        it exists on the date of the petition.  The trustee's major
         goal is to try to produce an estate for the debtor's
2        unsecured creditors, and the trustee will try to do so in
         several ways.  The first and most obvious is to liquidate
3        the debtor's non-exempt property that is not subject to
         liens.  The second is to pursue causes of action belonging
4        to the debtor.  The third is to pursue the trustee's own
         causes of action to recover money or property under the
5        trustee's avoiding powers."
```

Id. at 760-761 (internal quotations, ellipses and footnotes omitted).

The chapter 7 trustee's duties with respect to secured creditors are more limited.

> "In addition to the statutory duties enumerated in 11 U.S.C. § 704 the chapter 7 trustee is considered to be a fiduciary of the secured creditors with the duty to exercise reasonable care as custodian of the properties which serve as collateral for the secured claims. . . . It is a fundamental concept in bankruptcy that a trustee's primary duty is to the unsecured creditors rather than to the secured creditors.  The secured creditors, for the most part, should be able to look to their collateral for satisfaction of their claims.  If there is no equity in the collateral for the bankruptcy estate or if the property is burdensome to the estate, the trustee generally abandons the property pursuant to 11 U.S.C. § 554(a). . . . A Chapter 7 Trustee should not act as a mere conduit for the benefit of secured creditors only."

Id. at 761 (citations, internal quotations and brackets omitted).

So, for purposes of § 554(b), benefit to the estate means benefit to the unsecured creditors.

Conclusion.

In the court's view, the issues on the motion to abandon are very different from the issues on appeal.  Regardless of the outcome of the appeal, there will be no property in the estate for the trustee to administer.  The Residence has no excess equity available for unsecured creditors. No one has challenged the exemption claimed by the debtor when the case was filed.  The only question is whether the Ohanian judgment lien should remain

as an encumbrance against the Residence.

    The only benefit of not granting the motion to abandon would be to Ohanian in that he would not be put to the task of seeking a further stay of the order avoiding his lien. There would be no benefit to unsecured creditors.

    For the above reasons, the motion to compel abandonment will be granted. The court will issue a separate order.

DATED: January 12, 2006.

_____
WHITNEY RIMEL
United States Bankruptcy Judge

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                               ) ss.
COUNTY OF FRESNO      )

    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On January 12, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Stephen P. Drobny, Esq.
McCormick, Barstow, Sheppard,
    Wayte & Carruth
P. O. Box 28912
Fresno, California 93729-8912

Bruce Leichty, Esq.
625-A Third Street
Clovis, California 93612

James Edward Salven
Chapter 7 Trustee
P. O. Box 25970
Fresno, California 93729

Jeffrey J. Lodge, Esq.
Office of the United States Trustee
1110 U. S. Courthouse
1130 O Street
Fresno, California 93721

    I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on January 12, 2006, at Fresno, California.

_____
Kathy Torres, PLS